IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LYNNE HARRIS, Individually, and on Behalf of All Others Similarly Situated,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>)<br>) |
| v. | )<br>) |
| **SEYFARTH SHAW LLP**, | )<br>) |
| **Defendant.** | )<br>)<br>) |

FILED:   JUNE 23, 2009
09CV3795
JUDGE BUCKLO
MAGISTRATE JUDGE VALDEZ
AO

## COMPLAINT

NOW COMES the Plaintiff, LYNNE HARRIS, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs") by and through her attorneys, SUZANNE TONGRING and TOUHY, TOUHY, BUEHLER & WILLIAMS LLP, and complaining of the Defendant, SEYFARTH SHAW LLP, hereinafter referred to as "Seyfarth"), alleges as follows:

### SUMMARY OF CASE

1. Plaintiffs bring this class action for unpaid wages, unpaid overtime, monetary damages, liquidated damages, declaratory and injunctive relief and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq*. and the Eight Hour Work Day Act, 820 ILCS §145/1 *et seq*. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

2. Plaintiff and other similarly situated current and former employees have been employed and/or referred to in internal documents as affirmative action analysts, affirmative action advisors, affirmative action senior advisors, affirmative action coordinators, paralegals and other similarly titled positions (hereinafter collectively referred to as "analysts") for Defendant in the County of Cook, and State of Illinois. Plaintiffs' primary duty was to key in data and clean up data for its affirmative action software program.

3. Defendant classified its analysts as "exempt" from the applicable overtime laws. Defendant failed to pay its current and former analysts for actual hours worked and overtime hours worked in excess of eight hours per day and 40 hours per week pursuant to Defendant's uniform employment policies.

4. The Plaintiff and other current and former analysts are not exempt from the applicable overtime laws because they do not meet any of the tests for exemption.

5. This practice of failing to pay Plaintiff and other current and former analysts for actual hours worked and overtime compensation violates provisions of the FLSA, 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law 820 ILCS §105 *et. seq.* As a result of this unlawful practice, Plaintiff and members of the Plaintiff class suffered a loss of wages.

6. Defendant failed to pay regular and overtime wages and other benefits to Plaintiff and other similarly situated current and former analysts during their employment by intentionally, willfully and improperly requiring analysts to work unpaid regular hours and in excess of eight hours per day and, 40 hours per week without paying them for such time worked in direct violation of 29 U.S.C. § 201 *et seq.*, and 820 ILCS §105 *et. seq*.

7. Plaintiff will timely request that this Court order this case to proceed as a collective action and order the issuance of notice pursuant to 29 U.S.C. §216(b) for the purpose of seeking overtime compensation under the Fair Labor Standards Act. Plaintiff will also timely request that the Court certify a class of analysts pursuant to Rule 23 of the Federal Rules of Civil Procedure for the purpose of seeking overtime compensation under <u>Illinois Minimum Wage Law</u>, 820 ILCS §105 *et. seq.*, the <u>Illinois Minimum Wage Payment and Collection Act</u>, 820 ILCS §115 *et seq.* and the <u>Eight Hour Work Day Act,</u> 820 ILCS §145/1 *et seq.*

## JURISDICTION AND VENUE

8. The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." <u>Id</u>.

9. In addition, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant resides in this District.

## PARTIES

12. At all relevant times, LYNNE HARRIS was an affirmative action coordinator and is now called an affirmative action analyst employed in the State of Illinois. She has been employed by the Defendant for seven years.

13. The members of the Plaintiff class are and were analysts employed by the Defendant, its agents or affiliates, and located in the State of Illinois. The named Plaintiff and members of the Plaintiff class were routinely required to work in excess of eight hours per day and forty (40) hours per week without receiving overtime compensation. The named Plaintiff and members of the Plaintiff class were not paid compensation they had already earned, including unpaid regular hours and unpaid overtime hours.

14. Defendant managed the work of Plaintiff and the Plaintiff class, including the amount of hours worked and overtime required to be worked for the Defendant. The Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies for the Plaintiff and members of the Plaintiff class.

## CLASS ALLEGATIONS

15. LYNNE HARRIS brings this action as a class action on behalf of herself and all other persons similarly situated, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Class Action Law

16. Plaintiff brings this action individually, and on behalf of the following class of similarly situated analysts, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> "all individuals who were employed by Defendant as analysts or in a similarly titled position in the state of Illinois at any time during the relevant statute of limitations period who: 1) were not paid for regular hours worked; or 2) worked more than eight hours in a day or forty (40) hours in a week, but did not receive overtime pay."

17. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff estimates that the Class numbers exceed 8 individuals. The proposed Class can be identified and located using Defendant's payroll and personnel

records. Class members may be informed of the pendency of this Class Action by direct mail.

18. There are questions of law and fact common to the class, including, without limitation:

    a. whether Plaintiff and the Class are entitled to compensation for all actual hours worked under the applicable state fair wage and hour statutes, as set forth below;

    b. whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of eight hours per day under the applicable state fair wage and hour statutes, as set forth below;

    c. whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the FLSA and applicable state fair wage and hour statutes, as set forth below;

    d. whether Defendant acted knowingly, willfully or recklessly in violating the FLSA and applicable state fair wage and hour statutes, as set forth below;

    e. whether Plaintiff and the Class worked in excess of eight hours per day;

    f. whether Plaintiff and the Class worked in excess of 40 hours per week;

    g. whether Defendant expected Plaintiff and the Class to work in excess of eight hours per day;

    h. whether Defendant expected Plaintiff and the Class to work in excess of 40 hours per week;

    i. whether Defendant properly recorded Plaintiffs' actual hours worked;

    j. whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

    k. whether liquidated, punitive damages, or special damages are warranted under the FLSA and applicable state fair wage and hour statutes, as set forth below:

    l. whether Plaintiff and the Class are entitled to declaratory or injunctive relief under the FLSA and applicable state fair wage and hour statutes, as set forth below; and,

  m. whether Defendant's conduct warrants the tolling of the statute of limitations under the FLSA and applicable state fair wage and hour statutes, as set forth below.

 19. Plaintiff's claims are typical of the claims of the Class members. Plaintiff was and is an affirmative action analyst who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay actual wages earned and overtime. Defendant's conduct in failing to pay actual and overtime compensation has affected Plaintiff and the Class in the exact same way.

 20. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members. Plaintiff has retained competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

 21. This action is properly maintainable as a class action under Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure because: a) the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant; b) Defendant, by failing to pay overtime compensation to all analysts in violation of the applicable state fair wage and hour statutes set forth below, have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or declaratory relief with respect to the Class as a whole; and c) the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to

considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

22. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I: UNPAID WAGES/OVERTIME
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*

23. Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

24. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff and similarly situated analysts regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiff and the similarly situated analysts by intentionally, willfully and improperly refusing to pay them 1.5 times their regular rate of pay.

25. The foregoing actions of Defendant violate the FLSA.

26. Defendant's actions were willful and not in good faith.

7

27. Defendant is liable to Plaintiff and similarly situated analysts for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## COUNT II – FAILURE TO PAY WAGES EARNED

28. Illinois law provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq*.

29. Defendant failed to pay named Plaintiff and members of the Class wages earned, including both regular pay and overtime pay that was due and owing.

30. The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS §115/3 *et seq*. Defendant's actions were willful and not in good faith.

31. Defendant is liable to Plaintiffs for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.* and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

## COUNT III- FAILURE TO PAY OVERTIME UNDER ILLINOIS WAGE LAWS

32. Plaintiffs repeat and re-allege the above paragraphs.

33. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of eight per day and forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*, and the Eight Hour Work Day Act, 820 ILCS §145/1 *et seq*.

34. LYNNE HARRIS regularly worked more than eight hours per day and forty hours per week during her employment, but was not paid overtime. Other similarly situated analysts also regularly worked more than eight hours per day and forty hours per week during their employment, but were not paid overtime. Plaintiffs do not meet any exemptions under Illinois law, because, *inter alia*, their duties do not qualify for the executive, administrative, or professional exemptions under 820 ILCS § 105/4(a)(2)(e).

35. The foregoing actions of Defendant constitute violations of the <u>Illinois Minimum Wage Law</u>, 820 ILCS §105 *et. seq.*, and the <u>Eight Hour Work Day Act,</u> 820 ILCS §145/1 *et seq.* Defendant's actions were willful and not in good faith.

36. Defendant is liable to Plaintiffs for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to <u>Illinois Wage Payment and Collection Act</u>, 820 ILCS §115 *et seq.*, the <u>Illinois Minimum Wage Law</u>, 820 ILCS §105 *et. seq.*, the <u>Eight Hour Work Day Act,</u> 820 ILCS §145/1 *et seq.,* and the <u>Illinois Code of Civil Procedure</u> 735 ILCS §5/2-801 and §5/2-802.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff LYNNE HARRIS individually and on behalf of all others similarly situated, by and through her attorneys demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A. certifying this action as a collective action pursuant to 29 U.S.C. § 216(b);

B. ordering Defendant to file with this Court and furnish to counsel a list of all names and addresses of all analysts who have worked for Defendant during the preceding three (3) years, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing

them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C. adjudicating and declaring that Defendant's conduct as set forth above is in violation of the FLSA;

D. adjudicating and declaring that Plaintiff and similarly situated analysts are entitled to overtime compensation for hours worked in excess of forty hours per week;

E. adjudicating and declaring that Defendant violated the FLSA by failing to pay Plaintiffs and similarly situated analysts for their hours worked in excess of forty hours per week;

F. Certify a class of "all individuals who were employed by Defendant, its subsidiaries or affiliated companies, as analysts or in a similarly titled position in the state of Illinois at any time during the relevant statute of limitations period who: 1) were not paid for all hours worked; or 2) worked more than eight hours in a day or forty (40) hours in a week, but did not receive overtime pay."

G. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the Illinois Wage Payment and Collection Act by failing to pay Plaintiffs wages due and owing; and,

   ii. Willfully violated provisions of the Illinois Wage Payment and Collection Act by failing to pay Plaintiffs wages due and owing;

   iii. Violated overtime provisions of the FLSA and Illinois Minimum Wage Law by failing to pay overtime wages to Plaintiffs;

   iv. Willfully violated overtime provisions of the FLSA and Illinois Minimum Wage Laws;

   v. Violated provisions of the Eight Hour Workday Act by failing to pay overtime wages; and,

   vi. Willfully violated provisions of the Eight Hour Workday Act by failing to pay overtime wages; and,

H. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

I. Award interest on all overtime compensation due accruing from the date such amounts were due;

J. Award an equal amount as liquidated damages;

K. All costs and attorney's fees incurred prosecuting this claim;

L. Grant leave to amend to add claims under applicable laws;

M. Grant leave to add additional plaintiffs; and,

N. For all additional general and equitable relief to which Plaintiffs and the Class may be entitled.

Dated: June 22, 2009          Respectfully Submitted,

/s/Suzanne Tongring
Suzanne Tongring
244 Madison Avenue No. 3740
New York NY 10016
347-482-1955
ATTORNEYS FOR PLAINTIFFS

Terrence Buehler
Jeffrey J. Halldin
Touhy, Touhy, Buehler & Williams LLP
55 W. Wacker Drive Suite 1400
Chicago IL 60601
312-372-2209
ATTORNEYS FOR PLAINTIFFS