```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION


LYNNE HARRIS,                    )
                                 )
         Plaintiff,              )
                                 )
     v.                          )
                                 )    No. 09 C 3795
SEYFARTH SHAW LLP,               )
                                 )
         Defendant.              )
                                 )
                                 )
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynne Harris ("Harris") sued Seyfarth Shaw LLP ("Seyfarth"), on behalf of herself and other similarly situated Seyfarth employees, alleging that Seyfarth improperly classified her and the other class members as exempt from the requirements of the Fair Labor Standards Act ("FLSA"). The parties have agreed to an opt-in settlement class, subject to my ruling on two questions: (1) whether Harris is entitled to straight time compensation for weeks in which she worked fewer than forty hours; and (2) whether Harris is entitled to overtime pay at only one-half her regular rate of pay (which, as explained below, boils down to the question whether Harris's overtime pay should be calculated according to the fluctuating workweek ("FWW") method).

I deferred ruling on these questions pending the Seventh Circuit's decision in *Urnikis-Negro v. American Family Property Services*, --- F.3d ----, 2010 WL 3024880 (7th Cir. Aug. 4, 2010).

That decision having been handed down, my rulings are as follows:

With respect to question (1), Harris is not entitled to straight time pay for workweeks in which she worked fewer than forty hours (so long as in those weeks, she earned an amount equal to, or greater than, the amount she would have earned if she had been paid the minimum wage set by both federal and Illinois law). Harris argues that she is entitled to straight time pay under the FLSA and the Illinois Minimum Wage Act ("IMWA"). However, as Seyfarth points out, courts in this District have routinely held that such claims are subject to the rule announced in *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960). The *Klinghoffer* Rule provides that "a plaintiff cannot state a claim under the FLSA if he, working less than 40 hours a week, receives payment in excess of what he would have been paid had he worked 40 hours a week at minimum wage." *Sherman v. Premium Concrete Cutting, Inc.*, No. 01 C 7263, 2004 WL 1510030, at *2 (N.D. Ill. July 6, 2004); *see also Prange v. Borders, Inc.*, No. 05 C 2194, 2006 WL 2632013, at *5 (N.D. Ill. Sept. 11, 2006) ("Nearly all courts of appeals, and several courts within this district, have approved the *Klinghoffer* rule, which bars a plaintiff from stating a claim under the FLSA if she, working less than 40 hours in a week, is paid more than what she would have received had she worked 40 hours in a week at the statutory minimum wage."). The *Klinghoffer* Rule has also been applied to IMWA claims. *See, e.g.*,

*Prange*, 2006 WL 2632013, at *5 (citing *O'Brien v. Encotech Construction*, No. 00-CV-1133, 2004 WL 609798 (N.D. Ill. Mar. 23, 2004); *Sherman*, 2004 WL 1510030 at *2-3.). Thus, Harris is not entitled to straight time compensation based on the FLSA or IMWA.

Harris also argues that she is entitled to straight time pay based on the Illinois Wage Payment and Collection Act ("IWPCA," the "Wage Payment Act"). The IWPCA requires a plaintiff to show: "(1) the defendant was an 'employer' as defined in the Wage Payment Act; (2) the parties entered into an 'employment contract or agreement'; and (3) the plaintiff was due 'final compensation.'" *Id.* at 972. Harris's argument fails because she is unable to satisfy the second requirement: she has offered no basis for concluding that she had a contract or agreement with Seyfarth requiring compensation for the hours in question.

Harris cites a provision of Seyfarth's employee handbook which states that "[t]he regular hourly (or straight time) rate will be paid for any hours less than forty worked in one week." Seyfarth Support Staff Employee Handbook, Chicago (Doc. 33-2) at 39. However, the Seyfarth handbook does not constitute a contract. While Illinois law provides that employee handbooks may constitute enforceable contracts under certain conditions, *see, e.g.*, *Duldulao v. Saint Mary of Nazareth Hosp. Center*, 505 N.E.2d 314, 318 (Ill. 1987), the Seyfarth handbook specifically and repeatedly disclaims the creation of any contractual obligations, *see*, *e.g.*, Seyfarth

-3-

Employee Handbook, at 7 ("[T]his handbook cannot anticipate every situation or answer every question about employment. It is not an employment contract and is not intended to create contractual obligations of any kind. Neither the employee nor Seyfarth is bound to continue the employment relationship if either chooses, at its will, to end the relationship at any time."). Under Illinois law, these disclaimers preclude Harris's contention that the handbook constitutes a contract. *See, e.g.*, *Garcia v. Kankakee County Housing Authority*, 279 F.3d 532, 536 (7th Cir. 2002) (collecting cases).

To be sure, "a plaintiff may pursue a IWPCA claim based on an 'agreement' to pay wages that falls short of a legally enforceable contract." *Skelton v. American Intercontinental University Online*, 382 F. Supp. 2d 1068, 1075 (N.D. Ill. 2005) (Kennelly, J.). Courts in this District appear to be divided on the question whether, as in the case of traditional contracts, employee handbook disclaimers also preclude the existence of "agreements" in this more general sense. The courts in *Skelton* and *Martino v. MCI Communications Services, Inc.*, No. 08 C 4811, 2008 WL 4976213, at *10 (N.D. Ill. Nov. 28, 2008) (St. Eve, J.), held that disclaimers foreclose the creation of "agreements" as well as "contracts" under the IWPCA. However, *Bollie v. Board of Trustees of Waubonsee Community College*, 07 C 01382 (N.D. Ill. July 31, 2007) (Shadur, J.) (oral ruling), held that an "agreement" within the meaning of the IWPCA

is not defeated by disclaimers.

*Bollie* is distinguishable from this case. The plaintiff in *Bollie* did not allege that she had been misclassified; rather, she claimed that she and her employer both understood that she was non-exempt and that her "overtime would be paid either in wages or as compensatory time of in lieu of overtime." Compl. ¶ 48. Bollie claimed that, despite their agreement, her employer simply refused to pay her. Here, because Harris was misclassified as exempt and was paid a fixed weekly amount regardless of the number of hours she actually worked, there is no reason to think that she had any agreement with Seyfarth that she would be paid at a particular hourly rate for weeks in which she worked fewer than forty hours.

Accordingly, for those weeks in which Harris worked fewer than forty hours but nonetheless earned more than she would have earned working forty hours per week at the rate determined by federal and Illinois minimum wage laws, she is not entitled to straight time pay.

As to question (2) above, Harris is entitled to overtime pay at only one-half her regular rate of pay. As noted above, this question turns on whether Harris's overtime compensation should be calculated by the FWW method. This is because the "FWW method calculates an employee's regular rate of pay by dividing her weekly wage by the total number of hours she works in a given week rather than by 40." *Urnikis-Negro*, 2010 WL 3024880, at *1. "For any week

in which the employee works more than 40 hours, the employer will still owe the employee an overtime premium." *Id.* at *6. "But because the fixed salary is meant to cover the regular rate of pay for *all* hours worked, the employer will owe the employee only half of the regular rate for any hours in excess of 40, rather than time *plus* one-half, since by agreement she has already been paid her regular rate for the overtime hours." *Id.* at *6.

The question whether Harris's overtime compensation may be calculated according to the FWW method is settled by the Seventh Circuit's decision in *Urnikis-Negro*. There, the plaintiff was misclassified as exempt for purposes of FLSA's overtime requirements. She was paid a fixed salary but worked varying hours from one week to the next. The Seventh Circuit held that the FWW method was properly used to calculate the plaintiff's overtime compensation.

The facts and arguments presented in *Urnikis-Negro* are essentially the same as those Harris presents here. For example, the court accepted Urnikis-Negro's argument (also made by Harris) that the FWW method was not authorized based on 29 C.F.R. § 778.114. *Urnikis-Negro*, 2010 WL 3024880, at *14. However, the court held that the FWW method was properly based on the Supreme Court's decision in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). The court further acknowledged Urnikis-Negro's contention (also pressed by Harris here) that its holding could

create perverse incentives for employers to intentionally misclassify employees (since under the FWW method, plaintiffs will often recover less than they would under an alternative method). *Urnikis-Negro*, 2010 WL 3024880, at *16-17. Nevertheless, the court explained that its duty was to "apply the statute as Congress has written it and as the Supreme Court and the Department of Labor have interpreted it." *Id.* at *18.

In light of *Urnikis-Negro*'s holding, the amount of overtime to which Harris is due is appropriately calculated by means of the FWW method. Consequently, Harris is entitled to overtime pay at one-half her regular rate of pay.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 9, 2010