IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNNE HARRIS, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SEYFARTH SHAW LLP, ) ) Defendant. ) | Case No. 09 C 3795 <br><br> Judge Elaine E. Bucklo <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

NOW COMES THE Plaintiff Lynne Harris, by and through her attorneys, and moves this Court for an Order approving the settlement filed with this Court today, Friday, January 14, 2010. In support of this Motion, Plaintiff states as follows:

Plaintiff brought this action against her employer, Seyfarth Shaw LLP ("Seyfarth"), alleging that Seyfarth misclassified her as an exempt employee under the Fair Labor Standards Act ("FLSA") and, as a result, failed to pay her certain amounts of compensation she was entitled to had she been accurately classified. Seyfarth has agreed to an opt-in settlement class that includes seven members of its Affirmative Action & Diversity Consulting Team classified as analysts, advisors and paralegals since June 23, 2006 (exactly three years before the Complaint was filed).[1] (Exhibit 1).

Plaintiff filed this action on June 23, 2009 pursuant to the FLSA. The Representative Plaintiff alleged a number of specific acts by the Defendant which were purported to create violations of the FLSA's prohibitions against the payment of wages below the statutory minimum wage, the failure to pay overtime wages and the misclassification of certain employees

---

[1] The class includes Lynne Harris (the Plaintiff), Andrew Vacek, Amy Brossard, Christina Griffin, Michelle Merkel, Sylvia Roldan, and Rose DeBlasi.

as exempt as more fully set forth in Plaintiff's Complaint. (Dkt. 1). Plaintiff filed her motion to certify the class on June 29, 2009. (Dkt. 8).

On November 17, 2009, the parties conducted a Settlement Hearing with this Court, the Plaintiff Representative, and the parties respective attorneys. The parties had reached an agreement on most of the terms of the settlement. There were two issues in dispute, one relating to the application of the fluctuating workweek, the other relating to entitlement to straight time wages for hours between 35 and 40 hours. The parties were ordered to submit simultaneous briefs on the respective party's statement of position on November 24, 2009 and the statements were filed as Dkt. 33 and Dkt. 34. Plaintiff's Statement advised the Court that the same fluctuating workweek issue had been fully briefed and argued on September 12, 2009 in *Urnikis-Negro v. Am. Family Prop. Svs.*, No. 08-311708, in the Seventh Circuit Court of Appeals. Instead of deciding the issue as contemplated during the settlement discussions, this Court entered an order on December 15, 2009 directing the Court would follow the ruling of the Seventh Circuit Court of Appeals and the Court would entertain briefs on the remaining issues after that decision had been rendered.[2] (Dkt. 37). The Seventh Circuit Court of Appeals issued its decision in an order dated August 4, 2010 and its official citation is *Urnikis-Negro v. Am. Family Prop. Svs.,* 16 F.3d 655 (7th Cir. 2010). After the *Urnikis-Negro* decision, this Court entered a Memorandum Opinion and Order dated September 9, 2010 which addressed whether Plaintiff was entitled to be compensated for straight time hours she worked above 35 hours and

---

[2] MINUTE entry before Honorable Elaine E. Bucklo: At the time I said I would rule on the pending legal issues that are dividing the parties in terms of settlement, I did not know that one of the issues, concerning the fluctuating work week method of compensation, which could also impact the second issue before me, is currently pending before the Seventh Circuit. I am informed the case, Urnikis-Negro v American Famil. Property Insurance (8-3117) was argued in September. Presumably a ruling will issue soon. Accordingly, I will wait for the ruling before issuing an order in this case. The ruling set for 12/17/09 is vacated. Status hearing set for 1/21/2010 at 09:30 AM.Mailed notice(mpj,)

less than 41 hours and the fluctuating workweek issue now that a decision had been rendered by the Seventh Circuit. (Dkt. 52).

After that date, Defendant submitted two draft versions of a settlement agreement that did not accurately reflect the terms of the settlement. After the last Court status on November 24, 2010 directing that notice be sent out, Defendant continued to hold up the settlement to other issues that came up after the written papers had been circulated. First was the employee information that would be provided to Plaintiff's counsel. Second, Defendant asked for an itemization of the attorneys' fees and costs. Defendant had agreed to pay the full amount of those fees and costs. It was not until January 13, 2011 that Defendant finally submitted an agreement that accurately reflected the terms the parties were able to agree to. (Exhibit 2). Copies of the agreed upon Notice of Wage/Hour Collection Action Settlement, and Claim, Release and Consent To Join form are also attached. (Exhibit 3).

The Representative Plaintiff has devoted significant amounts of time and effort into investigation into the enterprise nature of the Defendant, as well as establishing proof with an intent of negating the Defendants' proffered FLSA exemptions. She did so at substantial risk given that Defendant is the largest labor law firm in the country. Defendant flat out refused to pay Plaintiff an incentive fee solely because "We don't like to reward people who sue us."

Plaintiff asks that the Court consider awarding her an incentive payment for serving as class representative in the amount of $1,500. She attended the settlement conference with the Court. She has regularly furnished her counsel with the information that was needed to substantiate the claim that she had been misclassified. In addition, Plaintiff respectfully asks that this Court approve the settlement and form of notice and consent that she has attached.

WHEREFORE, the Representative Plaintiff respectfully asks that this Court enter an order granting her motion for preliminary approval.

Respectfully submitted,


By: /s/ Suzanne Tongring
      One of Plaintiff's Attorneys

Suzanne Tongring
244 Madison Avenue No. 3740
New York NY  10016
(347) 482-1955

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 W. Wacker Drive Suite 1400
Chicago IL  60601
(312) 372-2209

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

The undersigned hereby certifies that on January 14, 2011, she caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**Jeffrey Kenneth Ross**       jross@seyfarth.com

**Rebecca Pratt Bromet**       rbromet@seyfarth.com

**Terrence Buehler**       tbuehler@touhylaw.com

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

(Not Applicable)

/s/     Suzanne Tongring
Attorney for Plaintiff
244 Madison Avenue, No. 3740
New York, New York 10016
(347) 482-1955
stongring@tongringlaw.com