# EXHIBIT 2

**COLLECTIVE ACTION**
**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is between Plaintiff Lynne Harris ("Harris") and the class of opt-in plaintiffs represented by Harris ("Opt-In Class Members"), each on behalf of himself or herself and his or her spouse, agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees (collectively, "Plaintiffs"); and Seyfarth Shaw LLP on behalf of itself, all of its partners, related entities, predecessors, and successors, its and their assigns, officers, insurers, officials, directors, employees, agents, joint venturers, and owners (collectively, "Seyfarth").

Harris filed a Complaint in the United States District Court for the Northern District of Illinois, individually and on behalf of other allegedly similarly situated individuals, alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMLW"), the Illinois Wage Payment and Collection Act ("IWPCA"), and the Eight Hour Work Day Act ("EHWDA") (collectively "wage and hour claims"), captioned *Lynne Harris v. Seyfarth Shaw LLP*, Case No. 09-cv-3795 (the "Lawsuit").

Plaintiffs and Seyfarth ("the Parties") desire to avoid further litigation and to fully and expeditiously settle all wage and hour claims that were raised or could have been raised in the Lawsuit.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

1. **Notice**. The Parties agree to move for Court approval of the Notice of Wage/Hour Collective Action Settlement ("Notice," attached as Exhibit A) and Claim, Waiver, Release, And Consent to Join Form ("Claim Form," attached as Exhibit B). Upon Court approval, Class Counsel shall distribute the Notice and Claim Form to the following individuals: Andrew Vacek, Amy Brossard, Christina Griffin, Michelle Merkel, Sylvia Roldan and Rose DeBlasi ("Affirmative Action Analysts and Advisors"). No other individuals shall be eligible to receive a Notice or Claim Form or be eligible to participate as an Opt-In Class Member. Only those Affirmative Action Analysts and Advisors who return a Claim Form to Class Counsel, which is then filed with the Court, shall be considered an Opt-In Class Member and thereby a participant in this Lawsuit and eligible to participate in the settlement pursuant to 29 U.S.C. § 216(b).

2. **Consideration**. In consideration for the promises in this Agreement, Seyfarth agrees to:

   a. Pay each Opt-In Class Member, including Harris, a settlement payment calculated as follows: Each Opt-In Class Members' hours worked will be determined by using the records of time previously submitted by the Opt-In Class Member to Seyfarth's timekeeping system. For those workweeks in which an Opt-In Class Member worked overtime but only received his or her salary, unpaid overtime will be calculated using the following formula:

   • Annual salary divided by 52 weeks = weekly salary;

   • Weekly salary divided by total hours worked each week = weekly regular rate;

1

- Weekly regular rate multiplied by 0.5 multiplied by the number of overtime hours worked = weekly unpaid overtime.

Opt-In Class Members will receive the sum total of their weekly unpaid overtime for each workweek during the period from June 23, 2006 to February 28, 2010, at which time the current Affirmative Action Analysts were reclassified as non-exempt and the current Affirmative Action Advisors had their job duties modified.

Seyfarth also agrees to pay each Opt-In Class Member an amount equal to 7.5% of his or her unpaid overtime which reflects the amount Seyfarth would have contributed to the Opt-In Class Member's 401k plan. Seyfarth also agrees to pay each Opt-In Class Member an amount equal to any lost percent of income contribution the Opt-In Class Member would have otherwise made to his or her 401k plan, as well as an amount equal to the lost value of that investment, all of which will be deposited in the Opt-In Class Member's Seyfarth Shaw retirement plan. Only the lost percent of income contribution will be treated as pre-tax wages. To determine the lost value of any investment, Seyfarth will retain the services of its 401k plan provider, Charles Schwab, unless the parties can otherwise reach an agreement.

Each Opt-In Class Member's total unpaid overtime amount will be treated as wages, from which applicable taxes and other withholdings shall be deducted and for which Seyfarth will issue an IRS Form W-2 at the end of the calendar year. Each Opt-In Class Member will also receive an amount equal to his or her total unpaid wages as liquidated damages, from which no taxes or other withholdings shall be deducted and for which Seyfarth will issue an IRS Form 1099.

    b. Pay $14,472.00 to Touhy, Touhy & Buehler, LLP and $22,540.00 to Suzanne Tongring ("Counsel for Plaintiffs") for actual, reasonable attorneys' fees and costs incurred through October 23, 2009. Seyfarth will issue IRS Forms 1099 in connection with this payment to Counsel for Plaintiffs. Seyfarth's receipt of a fully-executed IRS Form W-9 from Counsel for Plaintiffs is a condition precedent for this payment.

    The Parties agree that the settlement constitutes good, valid, and sufficient consideration for this Agreement, and that upon receipt of the settlement as calculated by the formula described in Section 1a, Plaintiffs have been paid in full satisfaction for all hours worked, including overtime hours worked in excess of forty hours per week, and for any liquidated damages (including punitive damages and penalties) stemming from any wage and hour claims. In addition, Plaintiffs acknowledge and agree that the consideration described above is consideration being paid in exchange for signing this Agreement and as consideration for the Release described on the Claim Form attached as Exhibit B.

3. **Timing:** The Parties agree that the following events shall occur according to the following timeline:

- Seyfarth shall provide Class Counsel with a detailed report of hours worked and wages earned for each Affirmative Action Analyst and Advisor identified in Section 1. These reports shall be for Attorneys Eyes Only.

- After signing this agreement, Harris and Seyfarth shall file a joint motion for: (a) approval of this Agreement; (b) approval of the content and form of the Claim

Margin comments (tracked changes):
- Deleted: the lost value, if any, of
- Deleted: any
- Deleted: to
- Deleted: .
- Deleted: T
- Deleted: se amounts w
- Deleted: , but will be deposited in the Opt-In Class Member's Seyfarth Shaw retirement plan
- Deleted: _____
- Deleted: Terrence Buehler of
- Deleted: ,
- Deleted: & Williams L
- Deleted: of Tongring Law Offices
- Formatted: Bullets and Numbering

2

- Form and Notice, and (c) for permission to send the Claim Form and Notice to the Affirmative Action Analysts and Advisors identified in Section 1.

> **Deleted:** Harris and Seyfarth agree that, if the Court requires that this Agreement must be filed or otherwise submitted for its approval, they shall cooperate to request that the Court permit them to file it under seal.

- After the Court approves the Claim Form and Notice, Seyfarth shall provide Class Counsel with last known addresses for the Affirmative Action Analysts and Advisors identified in Section 1.

- Class Counsel shall mail the Claim Form and Notice to the Affirmative Action Analysts and Advisors identified in Section 1.

- The Affirmative Action Analysts and Advisors receiving a Claim Form and Notice shall have shall have thirty days to return a signed Claim Form and become an Opt-In Class Member. Any Claim Form postmarked after the close of the Claim Period shall be deemed untimely and the individual shall not be included in the Lawsuit.

- Within five days of receipt of any Claim Form, Class Counsel shall file a copy of the Claim Form with the Court and provide a copy of the Claim Form to Seyfarth.

- Within fifteen days after the close of the 30-day claim period, Seyfarth shall provide an accounting to Class Counsel of the basis for any settlement payments to be made to Opt-In Class Members and to the Opt-In Class Member's retirement plan. The documents underlying this accounting shall be made available for Class Counsel's inspection and copying at Seyfarth's office.

> **Deleted:** .

- Within twenty days after the close of the 30-day claim period, the Parties shall file a joint motion for final approval of the settlement payments to Opt-In Class Members and dismissal of the Lawsuit with prejudice.

- Within twenty days after the Court grants final approval of the settlement payments to Opt-In Class Members and dismisses the Lawsuit with prejudice, Seyfarth shall issue payments to Harris and any eligible Opt-In Class Members.

4. **Release**. Harris and each Opt-In Class Member shall release all wage and hour claims as detailed in the Claim Form.

5. **Non-Admission**. The Parties agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Seyfarth. The Parties further agree that this Agreement shall not be admissible in any proceeding to the fullest extent permitted by law.

6. **Entire Agreement**. Plaintiffs and Seyfarth agree that this Agreement sets forth the entire agreement between the Parties regarding settlement of all wage and hour claims by Plaintiffs against Seyfarth and supersedes any written or oral understanding, promise, or agreement regarding settlement of wage and hour claims.

7. **Full Knowledge, Consent, and Voluntary Signing**. Each Plaintiff acknowledges and agrees that (a) he or she has carefully read this Agreement and fully understands its meaning,

intent, and terms; (b) he or she has full knowledge of its legal consequences and has been given the opportunity to consult with counsel of his or her choice concerning the Agreement, and has done so; (c) he or she agrees to all of the terms of the Agreement and is voluntarily entering into the Agreement; (d) no promise or inducement other than those contained herein has been offered for the settlement of all wage and hour claims; (e) he or she has not been coerced, threatened, or intimidated into signing the Claim Form attached as Exhibit B; and (f) he or she is legally competent to execute the Claim Form attached as Exhibit B and accepts full responsibility therefore.

**LYNNE HARRIS**               **SEYFARTH SHAW LLP**

_____           _____

                                                  TITLE: _____

Date: _____           Date: _____

**Deleted:** 12737922v.3

**Inserted:** 12737922v.312737922v.312737922v.312737922v.312737922v.312737922v.312737922v.312737922v.3

**Deleted:** 12737922v.312737922v.312737922v.312737922v.312737922v.312737922v.312737922v.3

12737922v.3